[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 6375
At the March 15, 1993 motion calendar, the court heard two motions to strike filed by defendant Ray Proof, a Division of Shielding Systems Corp. (Ray Proof) (#152), and by defendant Stephen Gooch, a Ray Proof employee (#155). These motions are directed at a substitute complaint dated February 12, 1993, filed by the plaintiff, Raymond Torok.
An earlier complaint, dated September 25, 1992, contained seven counts alleging breach of contract, promissory estoppel, tortious interference with contract, defamation, a violation of General Statutes 31-128f
concerning personnel files, negligent disclosure of personnel files, and negligent infliction of emotional distress. In a memorandum of decision dated February 1, 1993, all counts directed against defendant Ray Proof were stricken, except for count three, alleging tortious interference with contract, and count seven, alleging negligent infliction of emotional distress. The motion to strike filed by defendant Bairnco (#140) was granted as to all counts. A similar motion to strike by Gooch (#143) was denied on November 23, 1992, Rush, J., because a default had entered against Gooch and had not been set aside. It was pointed out by Judge Rush that Practice Book 363A permits only the filing of an "answer" after a party has been defaulted.
The February 12, 1993 complaint contains the same seven counts as did the earlier complaint which was the subject of the motion to strike by Ray Proof. However, the heading of each count refers to "Bairnco, SSC and Gooch," except for count two, promissory estoppel, which is directed solely against "Bairnco," and the fourth, count, defamation, which is directed against "Bairnco and Gooch." The complaint alleges that "SSC" is Shielding Systems Corp., which is described by plaintiff as a wholly owned subsidiary of Bairnco Corporation, of Maitland, Florida.
It may be that the plaintiff does not intend to pursue counts one, two, four, five, six and seven against Ray Proof, in which event the motion to strike filed by Ray Proof is moot. On the other hand, the same allegations which were asserted in the prior complaint remain in the present complaint, although the reference in the various counts in the current complaint is always to "Ray Proof, a Division of SSC, a wholly owned subsidiary of Bairnco Corporation." Ray Proof argues that the plaintiff is still attempting to assert against it the same five counts that were stricken by the February 2, 1993 decision, even thought the caption for each count does not refer specifically to Ray Proof.
On the basis that plaintiff is in fact still seeking to assert the five stricken counts against Ray Proof in his complaint of February 12, CT Page 6376 1993. Ray Proof's motion to strike counts one, two, four, five and six, insofar as they purport to be directed against Ray Proof, is granted and those counts are ordered stricken. Thus, motion #152 is granted. While it is true that the plaintiff has added several new assertions in his February 12, 1993 complaint, they do not add anything warranting changing the reasoning and rulings of the February 2, 1993 memorandum of decision.[1]
Gooch's motion to strike, #155, which repeats in essence Ray Proof's earlier motion to strike, again faces the same procedural problem cited by Judge Rush on November 23, 1992. Only an answer may be filed at this stage of the proceedings and hence the motion to strike is denied.
So Ordered.
Dated at Stamford, Connecticut, this 29th day of June, 1993.
William B. Lewis, Judge